## Commonwealth v. Riter

*J. William Ditter, Jr.*, for Commonwealth.

*Barba & Eiseman*, for appellant.

DANNEHOWER, J., January 31, 1956.—This is an appeal from a summary conviction before a justice of the peace upon an information charging appellant with the unlawful operation of a Ford station wagon, owned by appellant's employer, in that it was used commercially under passenger registration plates in violation of The Vehicle Code.

At the hearing before this court, the arresting officer, testifying on behalf of the Commonwealth, stated that appellant was apprehended in West Conshohocken, Montgomery County, while making deliveries

of small furnace parts and samples from the station wagon. Appellant was making these deliveries in pursuance of his duties for his employer, the Carter-Dunlevy Company of Philadelphia who is the registered owner of the vehicle in question. Appellant did not appear at the hearing before this court, but his counsel, duly waiving appearance, entered a demurrer in his behalf to the Commonwealth's evidence.

The Act of May 1, 1929, P. L. 905, sec. 401(a), as amended, 75 PS §91, which is pertinent to this controversy, provides, in part, as follows: "Except as is hereinafter provided, no motor vehicle . . . shall be operated upon any highway in this Commonwealth until such motor vehicle . . . shall have been properly registered with the department. . . ."

The code classifies motor vehicles as either "Passenger" or "Commercial", and defines the latter as: "Any motor vehicle designed for carrying freight or merchandise. . . ."

Counsel for appellant, in urging us to reverse the summary conviction, contends that a station wagon is designed as a "Passenger" and not as a "Commercial" vehicle. He further argued that the secretary of revenue recognizes only one registration for a station wagon and that is as a "Passenger" vehicle, but this is not a fact.

In electing to rely on the demurrer appellant is deemed to have admitted the truth of the Commonwealth's evidence and the inferences reasonably deductible therefrom. Thus, the question presented for disposal is whether a company-owned station wagon, used for the delivery of small parcels, should be registered with the secretary of revenue as a commercial vehicle.

We are mindful of the familiar principle of law which requires us to strictly construe penal statutes

and to resolve all ambiguities and uncertainties therein contained, in a light most favorable to the accused. In seeking out the legislative intent, among the things to be considered are the occasion and necessity for the law, the mischief to be remedied and the object to be attained. Scrupulous preoccupation with literal phrases, or particular words, should not be indulged in at the expense of frustrating the spirit and obvious intent of the statute.

Applying the foregoing principles to the issue presented in this controversy, it is patently clear that the legislature sought to designate as "Commercial" all motor vehicles which are peculiarly adapted for transporting freight and merchandise. It is common knowledge that a station wagon can very readily be converted into a vehicle which is suitable for carrying freight and merchandise and when so used is just as satisfactory as a light pick-up truck. Where an owner takes advantage of the vehicle's peculiar design so as to convert it into a carrier of merchandise and uses it in the normal course of events in furtherance of a commercial venture, then we have no hesitancy in deciding that such a vehicle should be placed under a commercial registration.

We understand that the legislature is now considering an amendment to The Vehicle Code concerning the registration of station wagons, increasing the registration fee so that they may be used as a passenger as well as a commercial vehicle on the same registration plate.

In view of the foregoing, we make the following

### Order

And now, January 31, 1956, defendant is adjudged guilty of a violation of section 401 (*a*) of The Vehicle Code and ordered to pay a fine of $10 and costs of prosecution.